** Summary ** LIMITATIONS ON SCHOOL PRINCIPAL BECOMING STATE LEGISLATOR It cannot be concluded as a matter of law that a newly elected State Representative must resign his former position as elementary school principal when he takes office as Representative because of conflicts of interest. Legislators must not accept outside employment which will impair their independence of judgment in the exercise of their official duties, and they must not accept outside full-time employment which will prevent them from giving personal attention to the duties of their offices. Title 74 O.S. 1409 [74-1409](i) (1971) and Article V, Section 23 of Article 5 of the Oklahoma Constitution require that no legislator may receive, directly or indirectly, any compensation from State appropriated funds other than the compensation allowed to State legislators by law. Therefore, no legislator employed by a school district receiving State aid from appropriated funds administered by the State Board of Education may be compensated from the general fund of the district. Any compensation due to a person employed as a school district employee while a legislator must come from entirely separate funds. Attorney General has considered your request for an opinion wherein you state that you have been employed by the Crescent Public Schools as elementary principal for the school year 1972-73. Since that time, you have been elected and sworn in to serve as State Representative for District 31 in the Thirty-fourth Oklahoma Legislature. You further stated that you intend to resign as principal as soon as a replacement is hired. Your question was as follows: Must a person who is employed as an elementary school principal resign his position because of conflict of interest when he takes office during the school year as a State Representative? Your question raises the possible applicability of provisions of the Oklahoma Code of Ethics for State Officials and Employees, 74 O.S. 1401 [74-1401] — 74 O.S. 1416 [74-1416] (1971). Title 74 O.S. 1409 [74-1409] (1971) enumerates prohibited acts for legislators. A legislator must not introduce or promote any legislation affecting a matter in which he has a substantial financial interest; he must not accept any gift or other consideration given for purposes of influencing his vote or use his official position to secure special privileges; and he must not receive compensation for representing any person in any transaction involving the state, with exceptions for professional services. Sections 74 O.S. 1409 [74-1409] of Title 74 further provides that: "No legislator shall: "(g) Accept other employment which would impair his independence of judgment in the performance of his public duties. "(i) Be employed by or receive any commission, fee, or compensation from the state, except the compensation and allowance for expenses provided by law to a Legislator." Under Subsection 74 O.S. 1409 [74-1409](g), quoted above, no legislator may accept other employment which will impair his independence of judgment as he performs his public duties as a legislator. Each legislator must make his own decision as to whether his outside employment does affect his judgment as a legislator. It cannot be concluded as a matter of law that a legislator will lack independence of judgment when he accepts any particular form of employment, because in each case the question is a question of fact which must be resolved after due consideration to all circumstances involved. Subsection (i) of Section 74 O.S. 1409 [74-1409](i), quoted above, prohibits legislators from receiving any compensation from "the state" other than the compensation and expenses provided to him as a legislator. The purpose of the prohibition is to prevent legislators from receiving directly or indirectly any benefit from funds appropriated by the Legislature. In Attorney General's Opinion No. 71-233, 4 Okl. Op. Atty. Gen. 183 (1971), the Attorney General decided the question of whether a State Senator might also serve as an attorney and legal advisor for a local school district. The 1971 opinion reaffirmed the holding of Attorney General's Opinion No. 63-370, issued October 4, 1973, to Representative Scott Tuxhorn. The 1963 opinion interpreted Section 23 of Article 5 of the Oklahoma Constitution, which provides in part that no member of the Legislature, during the term for which he has been elected, or within two years thereafter, shall "be interested, directly or indirectly in any contract with the State, or any county or other subdivision thereof, authorized by law passed during the term for which he shall have been elected." Title 74 O.S. 1971 1409 [74-1409](i), which prohibits legislators from receiving compensation from the State other than legislative compensation, should be construed to carry into effect the policies of Article V, Section 23 of Article 5 of the Oklahoma Constitution. In interpreting Section 23 of Article 5, the 1963 Attorney General's opinion held that: "No member of the Legislature, during the term for which he shall have been elected, or within two years thereafter is entitled to derive, directly or indirectly, any pecuniary benefit from appropriations made by a Legislature of which he was a member, regardless of whether or how he voted thereon. "No member of the Legislature may receive compensation out of the general fund of any school district to which there has been apportioned by the State Board of Education out of appropriated funds any sum of money as Basic Aid, Operational Fund Aid, or State Equalization Aid. Such member of the Legislature may receive compensation out of the general fund of a school district which receives no State aid, or he may receive compensation out of separate funds, if any, derived exclusively from sources other than legislative appropriations, provided his salary is not included in calculation of the minimum program of the district." The 1963 Attorney General's opinion was considered by the Oklahoma Supreme Court in State of Oklahoma ex. rel. Settles v. Board of Education, McCurtain County, Oklahoma, Okl., 389 P.2d 356 (1964), and the holdings quoted above were approved by the Court. Under Section 1 of Article 13 of the Oklahoma Constitution, education is a state responsibility. The State Legislature continues to fulfill that responsibility by providing from appropriated funds state aid to local school districts. See 70 O.S. 18-101 [70-18-101] to 70 O.S. 18-122 [70-18-122]. There is therefore no reason for deviation from the basic tenets set forth in Opinion No. 63-370 and the Settles case. Title 74 O.S. 1413 [74-1413] (1971) provides that the Oklahoma Code of Ethics for State Officials and Employees Act shall be cumulative to existing laws. Therefore, the common law governing conflicts of interest remains viable in Oklahoma. A public officer owes an undivided duty of loyalty to the public, and is not permitted to place himself in a position which will subject him to conflicting duties or expose him to the temptation of acting in any manner other than in the best interests of the public. 63 Am.Jur.2d Public Officers and Employees, 281. The Oklahoma Constitution provides in Article II, Section 11 that a legislator must "give personal attention to the duties of the office to which he is elected or appointed." Again, in every case, the question of whether this command has been violated is a question of fact. It will be difficult, however, for one person to give adequate personal attention to his duties as a legislator while at the same time fulfilling his obligations under a full-time employment contract with a school district. Therefore, it is the opinion of the Attorney General that the question of whether an elementary school principal must resign employment when elected to the office of Representative cannot be answered conclusively as a question of law. In each case, the legislator must comply with the provisions of 74 O.S. 1409 [74-1409] (1971) prohibiting the acceptance of other employment which would impair his independence of judgment as a legislator. The legislator must not accept outside full-time employment which would prevent him from adequately giving personal attention to the duties of his office under Article II, Section 11 of Article 2 of the Oklahoma Constitution. Section 23 of Article 5 of the Oklahoma Constitution and 74 O.S. 1409 [74-1409](i) (1971) require that no legislator shall derive any benefit from appropriations made by a Legislature of which he was a member. No legislator may receive compensation as a school district employee if such compensation is paid out of the general fund of any school district to which there has been apportioned by the State Board of Education out of appropriated funds any sum of money. A legislator who complies with other requirements of law while employed as a school district employee may receive compensation from the general fund of the school district only when that district receives no state aid. He may receive compensation out of separate funds, if any, derived exclusively from sources other than legislative appropriations, provided that his salary is not included in any calculation of eligibility of the employing school district for state aid or other funds appropriated by the Legislature. (C. Larry Pain) ** See: Opinion No. 91-597 (1991) ** ** SEE: OPINION NO. 74-166 (1974) ** ** SEE: OPINION NO. 74-268 (1975) **